UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

|  |  |  |
|---|---|---|
| IN RE DIRECTV LITIGATION | ) ) ) ) ) ) ) ) ) | CAUSE NO.   3:05-CV-679 AS<br>3:05-CV-742 AS<br>3:05-CV-743 AS |

**REPORT AND RECOMMENDATION**

On March 3, 2006, Plaintiff filed a motion for a clerk's entry of default in the above cases. Plaintiff argues that the Defendants failed to attend a status conference, failed to comply with this Court's orders to show cause, failed to provide their initial disclosures, and failed to comply with various discovery attempts. As a result of these repeated violations, Plaintiff seeks a clerk's entry of default.

Fed. R. Civ. P. 55(a) provides that an entry of default is appropriate when:

> a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

In each of the above cases, the Defendants have filed their answers to Plaintiff's complaints. As a result, it would appear that a clerk's entry of default is not appropriate in the present circumstances. However, if Defendants have failed to comply with this Court's orders and committed numerous discovery violations, Plaintiff may be entitled to a default judgment under Fed. R. Civ. P. 37(b)(2)(C). However, before a default judgment under Rule 37(b)(2)(C) may be entered, there are certain steps that a plaintiff needs to take to develop the record. If there has been discovery violations, Plaintiff should file an appropriate motion to compel. There

are also less drastic sanctions available should the Defendants fail to comply with a motion to compel which should be pursued before a party files a motion for a default judgment. In addition, as the Defendants are proceeding *pro se*, pursuant to <u>Lewis v. Faulkner</u>, 689 F.2d 100 (7th Cir. 1982), the Defendants should be fully advised of the consequences of their failure to respond.

For the aforementioned reasons, this Court **RECOMMENDS** that Plaintiff's motion for a clerk's entry of default in Cause Numbers 3:05-cv-679 and 3:05-cv-742 be **DENIED**. This Court further **RECOMMENDS** that the clerk's entry of default that was entered in Cause Number 3:05-cv-743 be **VACATED** and that the motion for a clerk's entry of default be **DENIED**. If Plaintiff wishes, and after the appropriate record has been made, it may refile its motion in accordance with Rule 37(b)(2)(C).

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed.R.Civ.P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 29th Day of March, 2006.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge

cc:   Pro Se Defendants