UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-742 AS |
| | ) | |
| CHRISTOPHER BITTERS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On March 5, 2004, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for the disposition of Plaintiff's complaint. On January 6, 2006, this Court entered a scheduling order that established certain deadlines. On March 3, 2006, Plaintiff filed a motion for a clerk's entry of default because the Defendant had failed to provide initial disclosures as well as other reasons. On March 29, 2006, this Court issued a Report and Recommendation that Defendant's motion for an entry of default be denied. This Court reasoned that because Defendant had filed an answer, default under Fed. R. Civ. P. 55(a) was not appropriate. However, this Court instructed that default judgment may be appropriate under Fed. R. Civ. P. 37(b)(2)(C) if the Plaintiff took certain steps to develop the record. For example, this Court instructed Plaintiff could seek a motion to compel.

Plaintiff never objected to the undersigned's Report and Recommendation, and as a consequence, Judge Sharp adopted it on July 28, 2006. Since that date, there has been no activity in this case.

Under Fed. R. Civ. P. 41, a plaintiff's case may be dismissed for his failure to prosecute his claim or to comply with court orders. The docket sheet reveals Plaintiff has failed to take any actions instructed by this Court to develop a proper record for an entry of default judgment. Plaintiff also did not object to this Court's report and recommendation. Furthermore, Plaintiff also failed to take any action in this case when this Court instructed Plaintiff's counsel to take actions in related cases. See eg. Directv v. Teller, 3:04-cv-744 AS. It is Plaintiff's responsibility to prosecute its actions, and it is not the responsibility of this Court to encourage Plaintiff to prosecute its case. Because it has been nearly a year since Plaintiff has filed anything or otherwise provided a reason for its inaction, this Court can only assume that Plaintiff has abandoned its case. Consequently, for the aforementioned reasons, this Court **RECOMMENDS** that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE**.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed.R.Civ.P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 25th Day of January, 2007.

                                                    s/Christopher A Nuechterlein
                                                  Christopher A. Nuechterlein
                                                  United States Magistrate Judge